**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NANCY LEWIS,

      Plaintiff-Appellant,

v.

BURGER KING, Llano Street, Santa
Fe,

      Defendant-Appellee.

No. 09-2191
(D.C. No. 6:09-CV-00703-DJS-RHS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

Nancy Lewis, proceeding pro se, appeals from an order dismissing her

claims against Burger King under Title III of the Americans with Disabilities Act

("ADA"), which proscribes discrimination against the disabled in public

accommodations, 42 U.S.C. § 12182(a). Exercising jurisdiction pursuant to

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for further proceedings.

Ms. Lewis claims to be "disabled by chronic sciatica which makes walking difficult." R. at 3. She therefore prefers to be accompanied by her dog, which, she claims, "walks ahead of [her] on a taut leash" and "alert[s] [Ms. Lewis] to obstacles in her path." *Id.* In January 2009, Ms. Lewis brought her dog into the defendant Burger King restaurant on Llano Street in Santa Fe, New Mexico. After a short time however, and allegedly due to complaints from another customer, employees asked her to remove her dog. In July 2009, Ms. Lewis filed this lawsuit against Burger King based on this incident, claiming that her eviction from the restaurant violated the public accommodation provision of the ADA.

This was not the first such encounter between Ms. Lewis and a Burger King restaurant. In March 2009, she filed a nearly-identical pro se lawsuit stemming from an incident at a Burger King restaurant in Espanola, New Mexico (the "Espanola case"). In the Espanola case, as here, Ms. Lewis sought monetary damages as well as injunctive relief under Title III of the ADA. In that case, in addition to her own claims, Ms. Lewis attempted to bring claims on behalf of her dog. The district court dismissed the Espanola case with prejudice under 28 U.S.C. § 1915(e)(2), concluding that Ms. Lewis had failed to state a claim on her own behalf, and that her dog, an animal, lacked standing to sue.

Ms. Lewis appealed that decision to this court, and in an Order and Judgment dated September 4, 2009, we vacated the district court's judgment and remanded for further proceedings. More specifically, this court affirmed the dismissal of the claims on behalf of Ms. Lewis's dog, but concluded that the district court should have afforded Ms. Lewis an opportunity to amend her complaint as to her own claims. Although she had failed to describe her disability or the precise assistance provided by her dog, we concluded that dismissal under § 1915(e)(2) was unwarranted because these deficiencies in Ms. Lewis's complaint were fixable. We therefore concluded it would not have been futile to grant Ms. Lewis an amendment and that the district court erred in dismissing her claims *with* prejudice. Accordingly, we vacated its dismissal and instructed the district court to enter an order of dismissal *without* prejudice.

Unfortunately, our decision in the Espanola case was too late to guide the district court in this action. On August 6, 2009, it dismissed Ms. Lewis's claims for injunctive relief based on res judicata, noting that the identical claims in the Espanola case had been dismissed with prejudice.[1] This of course was premature.

---

[1] With respect to Ms. Lewis's claim for money damages, however, the district court correctly reasoned that monetary relief is not available to private litigants under Title III of the ADA. *See, e.g., Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2nd Cir. 2004) (explaining that "[a] private individual may only obtain injunctive relief for violations of a right granted under Title III"). Because that portion of its decision was supported by proper grounds and was not dependent on res judicata, we hereby affirm the district court's dismissal with prejudice of Ms. Lewis's claim for money damages.

Less than a month later, we vacated that very dismissal in an order that all but invited Ms. Lewis to file an amended complaint. As such, the Espanola case did not end "with a judgment on the merits," thereby precluding application of res judicata. *See In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007).

We therefore AFFIRM the dismissal of Ms. Lewis's claim for monetary relief; REVERSE the dismissal of her claim for injunctive and declaratory relief; and REMAND for further proceedings consistent with this decision.

Entered for the Court


John C. Porfilio
Circuit Judge